[No. 1421, September 10, 1912.]

THE GAUSS-LANGENBERG HAT CO., a Corporation, Plaintiff in Error, v. THE RATON NATIONAL BANK, a Corporation, Defendant in Error.

SYLLABUS (BY THE COURT).

Where the record on writ of error fails to contain the writ of error, no jurisdiction exists in this court to entertain the proceeding, and it will be dismissed.

Error to District Court, Colfax County.

JONES & ROGERS, for Defendants in Error.

On motion to dismiss writ of error and affirm the decree of the district court. Chap. 57, sec, 21, laws 1907; chap. 120, sec. 2, laws 1909; chap. 57, sec. 36, laws 1907; 6 Cyc. 887; Martin v. Terry, 6 N. M. 491; Sacramento Valley v. Lee, 15 N. M. 567.

JOHN MORROW and EDWARD C. MANN, for Plaintiff in Error.

As to the liability of stockholders. Austin v. Tecumseh Natl. Bank, 49 Neb. 412; The West St. Louis Savings Bank v. Geo. F. Parmalee et al., 95 U. S. 490.

A note being renewed and one of the endorsers on the old note being omitted on the new, he is discharged of his liability. McLean v. Lafayette Bank, Fed. Case No. 8,888; Slaymaker v. Gundacker, 10 Serg. & R. 75; Maples v. Hicks, Brightly, N. P. 56.

A corporation is not liable for the debts of a partnership of the same name, which were incurred before the incorporation. Georgia Co. v. Castleberry, 43 Ga. 187; Paxton v. Bacon Mill & M. Co., 2 Nev. 256.

There can be no ratification by a person or corporation not existing at the time the contract was entered into. Hutchinson v. Surrey Consumers Gas Light Assn. ..........; Payne v. New South Wales Coal & Int. Nav. Co. ..........; 10 Cyc. 799; Hall v. Auburn Turnpike Co., 27 Cal. 255.

Officers have no power to bind their corporation for the debt of another, or to pay for goods for its use. Georgetown Water Co. v. Central Thompson Houston Co., 34 S. W. 435; Culver v. Reno Real Est. Co., 91 Pa. St. 367; McLellan v. Detroit File Works, 23 N. W. 321.

The defendant offered to show a formal repudiation of the renewal notes when they came to their knowledge. N. Y. Iron Mine v. Natl. Bank, 39 Mich. 644.

JONES & ROGERS and CHARLES M. BAYNE, for Defendants in Error.

The nature and character of the proceeding in the lower court does not sufficiently appear from the record. Chap. 57, sec. 23 and 31, laws of 1907.

The record does not show the appellate court has obtained jurisdiction of this case. Chap. 59, sec. 22, laws 1907; Brandenberg et al. v. Kellar et al., 69 N. W. 448; Randelman Mfg. Co. v. Simmons, 4 S. E. 923.

The court cannot take jurisdiction of a case unless jurisdiction appears affirmatively from the record. Mutual Life Ins. Co. v. Phinney, 76 Fed. 617; Plummer v. Peoples Natl. Bank, 33 N. W. 150; Lunn v. George, 1 Mass. 403.

Principal part of record has not been properly certified. Center School Tp. v. State, 50 N. E., 591; Mayo v. Emery; 45 S. W. 1048; Campbell v. Greer, 95 S. W. 226; High v. Candler, 28 S. E. 377; Street v. Smith, 103 Pac. 644; Ross v. Berry, 120 Pac. 309.

The record does not show that plaintiff in error had a right to sue out the writ of error. Chap. 57, sec. 1, laws 1907; Glenn v. Reed, 24 Atl. Rep. 155; Gilbert's Estate v. Howe's Estate, 47 Vt. 402; Sherman v. Clark, 4 Nev. 138; Burlington Co. v. Martin, 66 N. W. 15; 2 Standard Procedure, 199; Williams v. Tyler, 17 S. W. 276; Black v. Kirgan, 15 N. J. L. 45; Sholty v. McIntyre, 29 N. E. 43; Zumwalt v. Zumwalt, 3 Mo. 269; McGregor v. Pearson, 8 N. W. 101; Bush v. Rochester, etc., 48 N. Y. 659.

The Deportment Store Co. or the receiver appointed by the lower court should have been a party to the writ of error. Chap. 79, sec. 75, laws of 1905; chap. 57, sec. 4, laws of 1907; Farmer's Loan & T. Co. v. Longworth, 76 Fed. 609; Haigh v. Carroll, 64 N. E. 375; Illinois Trust & S. B. v. Kilbourne, 76 Fed. 883; Scannell v. Felton, 46 Pac. 948; Mosler et al v. State Bank of Perry, 51 Pac. 309; Davis v. Trust Co., 152 U. S. 590; Pacific Coast Trading Co. v. Bellingham Bay Baseball Assn., 51 Pac. 382; Thom V. Pittard, 62 Fed. 232.

Alleged errors of the lower court have not been preserved by proper objection or exception. Sub-sec. 154, sec. 2685, Comp. Laws 1897; State v. Standard Oil Co., 88 N. W.

175; Littleton v. Patton, 37 S. E. 755; Chicago Lumber Co. v. Bancroft, 89 N. W. 780; Express Co. v. Walker, 9 N. M. 456; Brown v. Lockhart, 12 N. M. 10; Naher v. Armijo, 11 N. M. 67; Conway v. Carter, 11 N. M. 419; Mogollon G. & C. Co. v. Stout, 14 N. M. 245, Perez v. Barber, 7 N. M. 223; Newcome v. White, 5 N. M. 435; Poire v. Rocky Mt. T. Co., 4 Pac. 1179; Roby v. Chicago Title & Trust Co., 62 N. E. 544; Tufts v. Lathshaw, 72 S. W. 679; Daniels v. Smith, 29 N. E. 1098; Strauss v. Frederick, 3 S. E. 825; Tory v. City of Scranton, 19 Atl. 351; Dee v. King, 50 Atl. 1109.

The Supreme Court of New Mexico has repeatedly held that under such conditions the court will not consider any question of alleged error in the case not raised in the lower court, and not appearing from the record to have been properly raised and objection preserved. Lewis v. Baca, 5 N. M. 289; Regan v. El Paso, 106 Pac. 376; U. S. v. Cook, 103 Pac. 305; In re Bernard Meyer, 14 N. M. 45; Crabtree v. Seagrist, 3 N. M. 495; U. S. v. Adamson, 106 Pac. 653; Williams v. Thomas, 3 N. M. 550.

It will not be permitted to rely upon the objections or exceptions made by other parties to the suit who are not parties in the appellate court. Chaves v. Meyers, 11 N. M. 333; Bingham v. Stage, 23 N. E. 756; Home Elect. Co. v. Collins, 66 N. E. 780; Bosley v. Natl. Machine Co., 25 N. E. 990; Amonett v. Montague, 63 Mo. 201.

Where all of the evidence given in a case or proceeding is not set out in the record, the court will presume that there is sufficient evidence to sustain the judgment. U. S. v. Lesnet, 9 N. M. 271; Territory ex rel., etc. v. Mayer, 12 N. M. 177; Lincoln Luckey Company v. Hendry, 9 N. M. 149; Sloane v. Territory, 6 N. M. 80.

Where the certificate attached to the record does not show that the transcript is complete, and contains all of the evidence submitted to the lower court, it will be presumed that a complete record would sustain the court's decision. Territory v. Herrera, 11 N. M. 129; Territory v. Rudobaugh, 2 N. M. 222; and the cases last above cited.

There was substantial evidence before the lower court to sustain its judgment.

It has been repeatedly held by the New Mexico Supreme Court that where the findings of the lower court are sustained by any substantial evidence the decision of the lower court will not be reviewed by the Supreme Court. Candelaria v. Miera, 13 N. M. 360; Richardson v. Pierce, 14 N. M. 334; Badaracio v. Badaracio, 10 N. M. 761; Rush v. Fletcher, 11 N. M. 555; Newcome v. White, 5 N. M. 436; Marquez v. Land Grant Company, 12 N. M. 445; Reed Bros. v. First Natl. Bank, 64 N. W. 701; Douglas Prtg. Co. v. Over, 95 N. W. 656; Brenan Svgs. Bank v. Branch-Crookes Saw Co., 16 S. W. 209; Curtis-Jones & Co. v. Smelter Natl. Bank, 96 Pac. 172.; Thompson on Corporations, sec. 372; Beach on Private Corporations, sec. 360.

## OPINION OF THE COURT.

PARKER, J.—This proceeding purports to be a proceeding by writ of error to the District Court of Colfax County. The record, however, fails to show the writ of error or any return thereto. This is in direct violation of sec. 22 of chap. 59, laws of 1907, which provides:

"And in all cases the transcript of record shall contain a copy of the final judgment, opinion of the court below when filed, notice of appeal, writ of error and citation thereon, together with return of service, bond on appeal, etc."

Aside from this requirement, it is fundamental that the writ must be lodged in the lower court, and the return of the record made in response thereto. These facts must, of course, appear from the record itself. In the absence of such showing, the appellate court will have no jurisdiction of the cause. See 2 Cyc. 1025; 7 Ency. Pl. & Pr. 889, 890. An examination of the docket of the clerk of this court discloses that a writ of error was in fact issued in a cause between the same parties mentioned in the transcript, but whether the record in this case is returned in response to the same does not appear. So far as the record discloses, the transcript on file may bear no relation to the cause in which the judgment complained of was rendered.

It follows that no jurisdiction in this court appears, and the cause should be dismissed, and it is so ordered.

SYLLABUS (BY THE COURT).